**SO ORDERED.**

**SIGNED this 31 day of October, 2006.**



_____
A. Thomas Small
United States Bankruptcy Judge

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

| | |
|---|---|
| IN RE: | CASE NO. |
| GEORGE W. BANG | 05-04135-5-ATS |
|     DEBTOR | |
| | |
| JOSEPH N. CALLAWAY, TRUSTEE | ADVERSARY PROCEEDING NO. |
|     Plaintiff | S-06-00010-5-AP |
|     v. | |
| GEORGE W. BANG | |
|     Defendant. | |

### ORDER DENYING MOTION FOR SUMMARY JUDGMENT

The matter before the court is the plaintiff's motion for summary judgment. A hearing took place in Raleigh, North Carolina on October 26, 2006.

George W. Bang filed a petition for relief under chapter 7 of the Bankruptcy Code on September 23, 2005, and Joseph N. Callaway was appointed trustee. On January 16, 2006, Mr. Callaway filed the

complaint in this adversary proceeding objecting to the debtor's discharge pursuant to 11 U.S.C. §§ 727(a)(2), (a)(3), (a)(4) and (a)(5).  Mr. Bang, acting pro se, filed an answer on February 14, 2006. Based on Mr. Bang's answer and his failure to respond to Requests for Admission, the trustee filed a motion for summary judgment on August 8, 2006.

On August 23, 2006, Mr. Bang filed an application for a mental health examination pursuant to this court's mental health program. Because Mr. Bang could afford to pay a mental health professional, he did not qualify for the program, and his application was denied.  In an order dated August 25, 2006, denying Mr. Bang's application, the court stated that "[i]t is not the court's policy to recommend a healthcare professional, but Dr. Jay C. Williams . . . was instrumental in establishing the pro bono mental health evaluation program, and may, or may not, be willing to provide such information to the debtor."  Mr. Bang contacted Dr. Williams, and hired him to perform an evaluation, which was submitted to the court.  According to Mr. Bang, the evaluation supports his defense to this adversary proceeding.  Mr. Bang also provided the court with a letter from Mariea P. Gregory, the director of the Healthquest and Cardiopulmonary Rehabilitation Program at Johnston Memorial Hospital, regarding Mr. Bang's physical and mental health issues.

Neither the evaluation by Dr. Williams nor the letter from Ms. Gregory are in proper affidavit form, but because Mr. Bang is appearing pro se, and because Dr. Williams is a member of the court's pro bono panel, the court will consider Dr. Williams' statement as the debtor's response to the plaintiff's motion. Mr. Bang did not otherwise file a written response to the motion for summary judgment.

"[S]ummary judgment is proper 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552 (1986). In making this determination, conflicts are resolved by viewing all facts and inferences to be drawn from the facts in the light most favorable to the non-moving party. United States v. Diebold, Inc., 369 U.S. 654, 82 S. Ct. 993 (1962). Summary judgment should not be granted unless the moving party establishes his right to judgment "with such clarity as to leave no room for controversy." Portis v. Folk Constr. Co., Inc., 694 F.2d 520, 522 (8th Cir. 1982).

The trustee alleges, and Mr. Bang does not deny, that Mr. Bang failed to keep adequate records from which his financial condition could be ascertained, and to the extent he did maintain records, he failed to timely provide those documents to the trustee. The trustee further alleges, and Mr. Bang does not deny, that Mr. Bang failed to

3

adequately explain the loss of $117,000 in cash assets within the two years prior to filing his bankruptcy petition.  The trustee also contends that Mr. Bang made a false oath or account in his petition and schedules by, among other things, omitting sources of income from his schedules and failing to disclose bank accounts and losses in the stock market.

Mr. Bang does not deny the trustee's allegations, but he contends that he was suffering from major depression connected to cardiovascular disease.  Mr. Bang contends that his mental condition negates any fraudulent intent and otherwise should be considered a mitigating factor.  Dr. Williams' report states that Mr. Bang suffers from major depression, impulsive control disorder, and attention deficit disorder.  Whether or not these conditions are sufficient to justify Mr. Bang's conduct is an issue of material fact that should be decided at trial.

The elements of the trustee's causes of action have been established and all that remains for trial is whether Mr. Bang's mental health conditions justify that conduct.

At trial, the standard for establishing a mental illness sufficient to rebut the facts that support a denial of discharge is quite high.  See <u>Kamont v. West</u>, 2003 WL 22477703 (5th Cir. 2003) (debtor claimed she was suffering from work-related stress and depression at the time she filed bankruptcy and only signed the

4

complaints and schedules prepared by her attorney and husband.  Summary judgment granted in unscheduled lawsuit based on judicial estoppel; court rejected debtor's argument that she was ignorant of the legal requirement to list the claim); In re Green, 308 B.R. 677 (D. Del. 2004)(evidence that chapter 7 debtor may have been suffering from depression at the time of the hearing on a motion to revoke debtor's discharge was insufficient to show that he was incompetent to proceed with hearing); In re Oliver, -- B.R. --, 2006 WL 2468297 (Bankr. W.D. Tex. 2006)(on motion to dismiss pursuant to § 707(b), debtor testified that he believed his income would likely decrease, that he lives a great distance from work, and that he suffers from depression, anxiety and bipolar disorder and is required to take medications.  There was no other testimony or evidence from any physicians regarding these conditions, or that medications had been prescribed.  Debtor has been gainfully employed during the 15 years he contends he has suffered from these conditions, and court did not find them to be sufficient to rebut presumption of abuse.); but see In re Bauder, 333 B.R. 828, 2005 WL 3028243 (8th Cir. BAP 2005)(bankruptcy court clearly erred in denying debtor's discharge for failure to list diamond ring on schedules. Debtor suffered from adult attention deficit disorder, depression and anxiety, and though he failed to list ring, he  lacked requisite intent to deny discharge.); In re Duffy, 331 B.R. 137 (Bankr. S.D.N.Y. 2005) (debtor suffered from depression, emotional distress and obsessive-

5

compulsive disorder that rendered him incapable of defending against charges of medical misconduct and thereafter successfully pursuing a new career.  Property settlement debt discharged pursuant to § 523(a)(15)); In re Petersen, 323 B.R. 512 (Bankr. N.D. Fla. 2005) (debtor's medical status, which included medication for depression, coupled with the complexity of her finances, supported conclusion that mistakes and omissions in petition and schedules were oversights and did not support denial of discharge.).

It should be noted, as stated previously, that the debtor did not qualify for the court's pro bono mental health evaluation program.  Dr. Williams is the defendant's witness and is not an expert witness appointed by the court.  A final pretrial conference will be scheduled, at which time the court will consider how best to handle the evidence of the debtor's expert witness.

Based on the foregoing, the trustee's motion for summary judgment is **DENIED**.

**SO ORDERED.**

**END OF DOCUMENT**